■ In the Matter of Charles Andrews, Petitioner, v Walter Kelly, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously confirmed and petition dismissed. Memorandum: Petitioner was found guilty of gambling in violation of inmate rule 120.20. He thereafter commenced this CPLR article 78 proceeding which was properly transferred to this court pursuant to CPLR 7804 (g).

The determination is supported by substantial evidence and should be confirmed. After a death threat was made on petitioner's life, his cell was searched for possible motive and a list was found containing nicknames of persons and the number of cigarette packs "owed" and "have out." A misbehavior report was filed against petitioner. At the Superintendent's hearing, Sergeant Gabbidon testified that in his 15

years' experience he has seen lists similar to the one found in petitioner's cell and that they were records of gambling activities. He also testified that petitioner admitted that he gambled "a little" after the list was shown to him. Petitioner testified and denied making such admission. He admitted that the list was his but testified that the list represented a "charity" list maintained by him as part of a religious tenet of the Islam faith, of which he is a member.

The Hearing Officer was free to disregard petitioner's testimony as incredible and to accept that of Sergeant Gabbidon and Officer Baine. We conclude that the testimony of the officers, together with the "list" and petitioner's admission that he gambled a little, provided substantial evidence to support the determination that petitioner violated rule 120.20 (see, People ex rel. Vega v Smith, 66 NY2d 130, 139). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.). Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.